IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMES LANG | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| ELIZABETH LANG HOUSER, MONTGOMERY COUNTY OFFICE OF REGISTER OF WILLS AND CLERK OF ORPHANS' COURT, RONALD HOLT, FRANCES PIERCE, D. BRUCE HANES, ESQ., MICHAEL P. CREEDON, ESQ., and PAUL G. LANG, JR. | : | No. 11-4638 |

**Norma L. Shapiro, J.**                                          **June 12, 2012**

**MEMORANDUM**

Before the court is a "Motion to Alter or Amend Judgment/Order of March 28, 2012, and/or for Relief from Said Judgment or Order, pursuant to Federal Rules of Civil Procedure 59(e) and Rule 60" filed by plaintiff James Lang ("Lang"). The court construes the motion as a Motion for Reconsideration of the order granting the defendants Motions to Dismiss the Amended Complaint. Lang argues the court dismissed his equal protection claim without addressing the "class of one" equal protection argument first raised in the Motion to Disqualify Counsel. The Motion for Reconsideration will be denied.

**I. Background**

The action concerns the Estate of Lang's parents, Paul G. Lang, Sr. and Kathryn Lang. In the Amended Complaint, Lang claimed defendants—two of his three siblings, his former attorney, the Montgomery County Register of Wills and Clerk of Orphans' Court, and three individuals who served as Register of Wills between 2000 and 2011—conspired to deprive him of property in violation of his due process and equal protection rights under the Fifth and Fourteenth Amendments. He brought the equal protection claim under 42 U.S.C. § 1985(2) but

made no argument supporting the claim. Defendants moved to the dismiss the Amended Complaint. *See* paper nos. 12, 14, 15, 36. After three of the four Motions to Dismiss had been filed, Lang filed a Motion to Disqualify Counsel and argued, for the first time, that the Register of Wills defendants violated his equal protection rights by arbitrarily and irrationally treating him differently than others similarly situated. Lang argued he need not show class-based discrimination because he was a "class of one." *See* Mot. Disqualify (paper no. 32) at 11–13; *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The court, *inter alia*, dismissed the § 1985(2) claim because Lang had not alleged class-based, invidiously discriminatory animus. *See* Mem. Op. (paper no. 40) at 14. The court did not address the "class of one" equal protection claim. Lang filed the Motion for Reconsideration 28 days after the court dismissed the Amended Complaint. He argues the "factual allegations of the complaint adequately set forth" the "class of one" equal protection claim. *Id.* ¶ 7.

## II. Discussion

Lang moves for reconsideration under Federal Rules of Civil Procedure 59(e) and 60. "[T]he function of the motion, not the caption, dictates which Rule is applicable." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

Rules 59(e), 60(a), and 60(b) perform different functions. Rule 59(e)[1] allows the court to correct legal error. *Fiorelli*, 337 F.3d at 288. Rule 60(a)[2] allows the court to correct clerical

---

[1] Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."

[2] Rule 60(a) provides, in relevant part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

2

mistakes and mistakes of oversight or omission. Rule 60(b)[3] allows the court to relieve a party from a final judgment for six reasons: mistake, newly discovered evidence, fraud, void judgment, satisfied judgment, or any other reason justifying relief. Lang alleges legal error; *i.e.*, the court dismissed the § 1985(2) claim without considering his "class of one" argument. The motion is best construed as a Rule 59(e) motion.[4] *See Fiorelli*, 337 F.3d at 288.

Motions for reconsideration are granted sparingly because "courts have a strong interest in the finality of judgments[.]" *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937,

---

[3] Rule 60(b) provides:
> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released, or discharged . . . ; or
>   (6) any other reason that justifies relief.

[4] Lang filed the motion 28 days after the court dismissed the Amended Complaint. Rule 7.1(g) of the Local Rules of the U.S. District Court of the Eastern District of Pennsylvania provides: "Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of judgment, order, or decree concerned." The Motion for Reconsideration is timely under Federal Rule of Civil Procedure 59(e) (28-day period) but untimely under Local Rule 7.1(g) (14-day period).

The court may waive application of a Local Rule where: (1) "it has a sound rationale for doing so," and (2) doing so "does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000). Waiving the Local Rule would allow the court to address whether Lang properly asserted his equal protection claim. Defendants have not relied on the Local Rule to their detriment; no defendant addressed the Local Rule in their responses. *See* paper nos. 43, 44. The court waives application of Local Rule 7.1(g) and will consider the Lang motion.

3

943 (E.D. Pa. 1995). "A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." *McNeal v. Maritank Phila., Inc.*, No. 97-0890, 1999 U.S. Dist. LEXIS 89, at *13, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999).

"An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court." *Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (internal quotation marks omitted). Because Lang did not raise the "class of one" equal protection issue in the Amended Complaint, he waived the issue. *Id.* The court cannot now consider the issue in the Motion for Reconsideration. *See McNeal*, 1999 U.S. Dist. LEXIS 895, at *13, 1999 WL 80268, at *4. Lang alleged no other basis for reconsideration. The court will not alter or amend its judgment.

Even if Lang had properly asserted the "class of one" equal protection claim, the court would have dismissed it. "[T]o state a claim under [a "class of one"] theory, a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). In both the Amended Complaint and the Motion to Disqualify Counsel, Lang failed to identify any similarly situated persons who had been treated differently by the Register of Wills defendants. *See id.* Instead he based the "class of one" claim solely on legal conclusions. *See, e.g.*, Mot. Disqualify at 12 ("Plaintiff's mistreatment by the Defendant Register of Wills, ignoring his properly filed petition to probate a will, is, to date, unexplained and, we contend, completely different treatment than that received by others similarly situated."); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d

4

Cir. 2009) (the court, when considering a motion to dismiss, accepts a plaintiff's well-pled facts but disregards legal conclusions).

**III. Conclusion**

The Lang Motion for Reconsideration (paper no. 42) will be denied. An appropriate order follows.